IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MAURICE CODY RIVERA,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER MCNEIL, individually and in his official capacity; SEAN MORROW, individually and in his official capacity; PAXTON HAMMOND, individually and in his official capacity; RICHARD ROUNDTREE, individually and in his official capacity; RICHMOND COUNTY SHERIFF'S OFFICE; AND AUGUSTA-RICHMOND COUNTY GOVERNMENT;<br><br>    Defendants. | CASE NO.: 1:24-cv-188 |

## MOTION TO DISMISS

COME NOW Defendants Walter McNeil, Sean Morrow, Paxton Hammond, Richard Roundtree, and the Richmond County Sheriff's Office, and file this Motion to Dismiss showing the Court the following:

### I.     PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Walter McNeil, an employee of the Richmond County Sheriff's Office ("RCSO"), was assigned to investigate a robbery that occurred on July 16, 2020. Doc. 1 ¶¶ 11, 21. Defendant McNeil determined that Plaintiff was one of the suspects, and he applied for and received a warrant for Plaintiff's arrest. *Id.* ¶¶ 29-30. Plaintiff alleges that he was falsely identified. *Id.* ¶¶ 32-33. Plaintiff filed this action claiming that Defendant McNeil, along with other RCSO employees Sean Morrow and Paxton Hammond, are liable under the Fourth Amendment and state law for false arrest and malicious prosecution. *Id.* ¶¶ 81, 88, 102-104. Plaintiff also alleges that Sheriff Richard

1

Roundtree and Augusta, Georgia are liable based upon the doctrines of supervisory and municipal liability. *Id.* ¶¶ 95, 98-99.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim for relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft* at 678. A complaint is subject to dismissal when its factual allegations establish an affirmative defense that bars recovery. *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2003).

## III. ARGUMENT

**A. The Richmond County Sheriff's Office Has No Capacity To Be Sued.**

In Georgia, legal entities are limited to natural persons, artificial persons such as corporations, and quasi-artificial persons that the law designates with capacity. *Ga. Insurers Insolvency Pool v. Elbert County,* 258 Ga. 317, 318 (1988) (quoting *Cravey v. Southeastern Underwriters Assn.*, 214 Ga. 450, 453 (1958)). A sheriff's office does not fall into one of those categories, and it is not a legal entity subject to suit. *Seibert v. Alexander*, 351 Ga. App. 446, 448 (2019) (citing *Taylor v. Fulton County,* No 1:08-CV-3242-RLV, 2011 U.S. Dist. LEXIS 166090, *3 (N.D. Ga. May 5, 2011)); *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992); *Ocampo v. Appling County Sheriff's Office*, No. 2:17-cv-70, 2017 U.S. Dist. Lexis 137064, *10 (S.D. Ga. Aug. 25, 2017). Because the Richmond County Sheriff's Office is not a legal entity, any purported claims against it should be dismissed.

2

### B. Plaintiff's Federal Claims Against Defendants In Their Official Capacities Are Not Cognizable.

Section 1983 provides a cause of action against "every person" who, under color of any law deprives another of a constitutional right. 42 U.S.C. § 1983. Only persons are subject to liability under § 1983, and states are not persons within the meaning of this statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Similarly, the Eleventh Amendment bars suits in federal court against a state or arm of the state. *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). Sheriffs and sheriffs' deputies are arms of the state when acting in a law enforcement capacity such that suits against them in an official capacity are suits against the state. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003); *Grech v. Clayton County*, 335 F.3d 1326 (11th Cir. 2003). Thus, sheriffs and their deputies acting as arms of the state are not subject to suit in their official capacity under § 1983. *See Howlett v. Rose*, 496 U.S. 356 (1990); *Bell v. Houston County*, No. 5:04-CV-390, 2006 U.S. Dist. LEXIS 43387, *35 (M.D. Ga Apr. 11, 2006).

Here, Plaintiff's claims stem from his alleged false arrest. Doc. 1 ¶ 77-8. Thus, Defendants would have been acting in a law enforcement capacity during the time of Plaintiff's allegations, and they would have been acting pursuant to state authority. *See Grech* at 1347. Therefore, Plaintiff's allegations against Defendants in an official capacity are not cognizable under § 1983.

### C. Plaintiff Fails To State A Federal Claim Against Sheriff Roundtree In His Individual Capacity.

A government official cannot be liable under a theory of respondeat superior under § 1983. *See Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Supervisory liability occurs only when the supervisor personally participates in an unconstitutional act or where there is a causal connection between the supervisor's actions and the alleged

3

violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection can be established by showing: a history of widespread abuse that the supervisor failed to correct, a supervisor's custom or policy that results in deliberate indifference to constitutional rights, or that the supervisor directed subordinates to act unlawfully or failed to stop them from acting unlawfully. *Id.* The policy must be persistent, widespread, and the moving force that caused the constitutional violation. *Cuesta v. Sch. Bd.*, 285 F.3d 962, 967 (11th Cir. 2002). Further, the deprivations must be obvious and of continued duration rather than isolated occurrences. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). The standard by which a supervisor is held individually liable for an employee's conduct is extremely rigorous. *Cottone* at 1360.

Here, Plaintiff makes conclusory allegations that Sheriff Roundtree failed to correct a history of widespread abuses, had policies that resulted in the deliberate indifference of constitutional rights, and failed to stop deputies from acting unlawfully. Doc. 1 ¶¶ 90, 92, 94. However, Plaintiff's conclusory allegations do not provide sufficient factual detail related to any widespread abuse or a policy related to false arrests or malicious prosecutions within the RCSO. *See Bivens v. Coffee County*, No. 5:21-CV-14, 2021 U.S. Dist. LEXIS 138835, *14 (S.D. Ga. Jul. 26, 2001). Even at the motion to dismiss stage, a plaintiff must allege factual allegations of multiple incidents of unconstitutional conduct to show a policy that resulted in deliberate indifference or a history of widespread abuse. *Id.* at *14-15. Alleging a single incident of unconstitutional activity is not sufficient to state a claim for supervisory liability. *Myrick v. Fulton County*, 69 F.4th 1277, 1297-9 (11th Cir. 2023); *Piazza v. Jefferson Cty.*, 923 F.3d 947, 957-8 (11th Cir. 2019). Plaintiff's complaint solely focuses on one incident, and nothing alleged in the complaint provides factual allegations to show a causal connection between Sheriff Roundtree and the alleged

4

constitutional violations of the Sheriff's employees. Thus, Plaintiff has not met the extremely rigorous standard of supervisory liability, and he fails to state a claim against Sheriff Roundtree under § 1983.

### D. Plaintiff Fails To State A Claim For False Arrest Under § 1983.

A false arrest claim concerns seizures without legal process such as warrantless arrests. *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). A § 1983 false arrest claim is not viable when an arrest is made pursuant to a warrant. *Jaudon v. Sasser*, No. 2:17-cv-118, 2020 U.S. Dist. LEXIS 8083, at *30-31 (S.D. Ga. Jan. 16, 2020). The issuance of a warrant, even an allegedly invalid warrant, constitutes legal process and forecloses a claim for false arrest. *Id.* (quoting *Carter v. Gore*, 557 Fed. Appx. 904, 906 (2014)). Here, Plaintiff alleges that he was arrested pursuant to a warrant. Doc. 1 ¶ 78. Thus, Plaintiff fails to state a claim for false arrest.

### E. Defendants in Their Official Capacities Are Entitled To Sovereign Immunity For Plaintiff's State Law Claims.

Georgia Constitution Article I, Section II, Paragraph IX(e) provides that "[S]overeign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Georgia statute O.C.G.A. § 36-1-4 provides that a county's sovereign immunity is not waived for any cause of action unless authorized by statute. Sovereign immunity also extends to sheriffs and deputy sheriffs sued in an official capacity. *Gilbert v. Richardson*, 264 Ga. 744, 746 n. 4 (1994); *Ankerich v. Savko*, 319 Ga. App. 250, 252 (quoting *Strength v. Lovett*, 311 Ga. App. 35, 38 (2011)). The party seeking to benefit from a waiver must show that there has been such a waiver of sovereign

immunity. *McCobb v. Clayton County*, 309 Ga. App. 217, 218 (2011).  Plaintiff has not identified any waiver of sovereign immunity applicable to any state laws claims he is purporting to allege against Defendants.  Thus, sovereign immunity bars any official capacity state law claims against Defendants.

### F. Plaintiff Fails To State A Claim For False Arrest Under Georgia Law.

Georgia statute O.C.G.A. § 51-7-1 provides that an arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested.  However, if a prosecution is carried on, an action for malicious prosecution is the exclusive remedy and there is no cause of action for false arrest. *Sheffield v. Futch*, 354 Ga. App. 661, 665 (2020).  False arrest and malicious prosecution are mutually exclusive. *Id.*  Here, Plaintiff was indicted, and his case was latter nolle prossed and dismissed. Doc. 1 ¶ 70-73; *See also State v. Rivera,* 2021-RCCR-136.  Therefore, it is clear that a prosecution was carried on, and Plaintiff fails to establish a state law claim of false arrest.

### G. Plaintiff Fails To State A Claim For Assault And Battery.

Assault and battery involve the unlawful touching of another person. *Vasquez v. Smith*, 259 Ga. App. 79, 81 (2003). Further, an assault occurs when a person reasonably apprehends a battery from another person. *See Everett v. Goodloe*, 268 Ga. App. 536, 543 (2004). The touching must not be necessary or privileged. *Vasquez* at 82. In count eight of his complaint, Plaintiff simply alleges that Defendant McNeil caused apprehension of physical contact and unlawful touching, but Plaintiff fails to otherwise provide any factual details of an assault or battery committed by Defendant McNeil. Doc. 1 ¶ 105.  The only assault and battery arguably identified in Plaintiff's complaint is an alleged stabbing by

6

another inmate and harassment by jailers. Doc. 1 ¶ 72. Thus, Plaintiff fails to state a claim for assault and battery.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff fails to state any claims against Sheriff Richard Roundtree and the Richmond County Sheriff's Office, and he fails to state an official capacity claim against any Defendant under federal or state law. Plaintiff also fails to state a claim for false arrest under federal or state law. Therefore, Defendants' Motion should be granted.

Respectfully submitted this 20th day of December 2024.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MAURICE CODY RIVERA,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER MCNEIL, individually and in his official capacity; SEAN MORROW, individually and in his official capacity; PAXTON HAMMOND, individually and in his official capacity; RICHARD ROUNDTREE, individually and in his official capacity; RICHMOND COUNTY SHERIFF'S OFFICE; AND AUGUSTA-RICHMOND COUNTY GOVERNMENT;<br><br>    Defendants. | CASE NO.: 1:24-cv-188 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **Motion to Dismiss** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

Robert T. Homlar<br>
Robert T. Homlar P.C.<br>
580 James Brown Blvd.<br>
Augusta, Georgia 30901<br>
robert@homlarlaw.com

This 20th day of December 2024.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com